**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
ROBERT J. TUCKER,                       :
                                        :
        Plaintiff,                 :
                                        :
   v.                                   :   Civil Action No. 08-4390 (JAP)
                                        :
MICHAEL W. WYNNE,                       :   **OPINION**
     Secretary of the Air Force,       :
                                        :
        Defendant.                 :
_____  :

Pisano, District Judge:

      Before the Court are Defendant Secretary of the Air Force's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket Entry No. 7), and Plaintiff Robert Tucker's Motion to Amend his Complaint (Docket Entry No. 15), which is embedded within his opposition to Defendant's motion.  On September 3, 2008, Plaintiff filed the instant four-count Complaint alleging employment discrimination, retaliation, hostile work environment, and violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  38 U.S.C. §§ 4301-4333.  Because this Court concludes that it lacks jurisdiction over the instant dispute, the Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

**I.**    **Background**

---

[1] Because the Court holds that it does not have subject matter jurisdiction over the instant dispute, including Tucker's USERRA claim, this Opinion does not address Defendant's 12(b)(6) argument.

-1-

Plaintiff Robert Tucker ("Tucker") is an Air Reserve Technician ("ART") with the 514th Maintenance Squadron at McGuire Air Force Base ("facility").  In addition to holding a civilian technician position, he also holds the rank as Master Sergeant in the Air Force Reserve, where he serves in a corresponding military position as an aircraft mechanic.  Tucker has worked for the Air Force since November 1, 1968 and continues to be employed as an ART, or more specifically, as an Aircraft Mechanic under Air Force regulations.

In his Complaint, Tucker alleges that he was discriminated subjected to a hostile work environment due to his age while employed by the Air Force.  His Complaint contains several references to derogatory remarks being made regarding older workers at the facility.  For example, in 2000, a younger employee was selected for a position of "Expediter" at the facility that Tucker had also desired, even though Tucker had completed five months as a voluntary supervisor Expediter, and had worked for thirteen years as Expediter in the Air Force Reserves.  In addition, Tucker claims that a supervisor at a January 2002 ART meeting made remarks intimating that "old employees must be replaced by younger employees."  (Compl. ¶ 18.)  Further, Tucker alleges that an article appeared in a facility publication at some point in 2003 or 2004 that referred to older employees as "Dinosaurs" who needed to be replaced with younger employees.  In 2005, one supervisor denied a co-worker a one year extension of his enlistment to age 60, stating, "[i]f I let you reenlist[,] I'll have to let Tucker reenlist and I have no intention of letting that happen."  (Compl. ¶ 46.)

Tucker has also alleged that he was repeatedly denied advancements, raises, and bonuses on the basis of his age, as these benefits were subsequently extended to younger workers only.  In or about 2004, Section Chief Robert Bowersox allegedly directed one of Tucker's supervisors

to give him a lesser appraisal than the supervisor intended, which would have "qualified [Tucker] for a commendation for his work, either a pay bonus or time off." (Compl. ¶ 22.) Bowersox also removed the Plaintiff from his Expediter position on reserve duty, ostensibly because "Bowersox . . . did not want ARTs expediting on the Reserve weekends," even though ARTs who were significantly younger were placed into Expediter positions. (Compl. ¶¶ 26-28.)

Plaintiff also alleges that he was retaliated against for acting as a witness for a fellow employee, William Sweeney, in a 2005 Equal Employment Opportunity ("EEO") Committee proceeding, and for filing his own EEO Complaint later that year. During the pendency of Sweeney's action, Tucker was informed that he had not been selected for any of the eleven supervisory positions he had applied for between 2004 and 2005. Tucker later learned that none of the younger selectees had supervisory experience. Tucker believes that no employees close to Tucker in age were "ever" chosen for promotion. (Compl. ¶ 48.) On June 30, 2005, Tucker filed an EEO complaint alleging age discrimination and reprisal for protected activity. During the pendency of the EEO's investigation and continuing to the filing of this matter, the Air Force allegedly continued its pattern of harassment to dissuade employees from filing such complaints and to compel Tucker to leave the Air Force. The harassment manifested itself through Tucker's supervisors demanding him to provide the name, telephone number, and reasons for visiting his private physician, as well as several other occasions of allegedly unwarranted public and private reprimands. Perhaps most hurtful to Tucker given his years of acclaimed service, Tucker was allegedly told that he was a "bad ART."

Tucker maintained his active status with the Air Force Reserves as a requirement of his continued employment until sometime in 2008, around the time of the EEO Committee hearing

on his complaint, when he was removed from active duty status.  As a result, Tucker has lost medical coverage "causing great hardship."  (Compl. ¶ 64.)  Since the time of his EEO complaint, Tucker has been reassigned several times but has remained in Line of Duty status.

## II.     Motion to Amend

In a single paragraph at the end of his opposition brief, Plaintiff requests that the Court grant permission to amend his Complaint as to his claims relating to his alleged violations of the USERRA and remove claims arising thereunder to the U.S. Merit Systems Protection Board (MSPB) for resolution.  However, pursuant to Local Civ. Rule 7.1(f), failure to include a proposed amended complaint is a basis for dismissal of a plaintiff's motion to amend his complaint.  *See Lake v. Arnold*, 232 F3d. 360 (3d Cir. 2000).  Plaintiff wishes to amend his complaint so as to withdraw or modify his USERRA claim, but has failed to include a proposed amended complaint.  Therefore, Plaintiff's motion to amend is hereby dismissed.

## III.    Discussion

### A.     Standard of Review Under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to dismiss claims based on a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where a defendant challenges the jurisdiction on the face of the complaint, the court must assume the veracity of plaintiff's allegations; in contrast, a factual challenge to a court's jurisdiction does not require a court to afford plaintiff's allegations the presumption of truthfulness.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Dasrath v. Continental Airlines, Inc.*, 228 F. Supp. 2d 531, 534 (D.N.J. 2002); *Med. Soc'y of New Jersey v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) ("A facial attack on jurisdiction is directed to the sufficiency of the pleading as a

basis for subject matter jurisdiction," while a factual attack "calls into question the essential facts underlying a claim of subject matter jurisdiction."). In adjudicating a factual 12(b)(1) challenge, the court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). Because Defendant's 12(b)(1) motion is a factual challenge to jurisdiction over the instant controversy, the Court does not limit its recitation of the facts to only those alleged in the Complaint. *See, e.g., Med. Soc'y of New Jersey*, 191 F. Supp. 2d at 578-80 (after discussing factual and facial jurisdictional challenges under 12(b)(1), holding certain claims were not ripe for judicial review after considering evidence outside the pleadings).

**B. Analysis**

Counts One through Three of Plaintiff's Complaint seek money damages from the Air Force for alleged discrimination Tucker suffered during his employment. In his first count, Plaintiff claims he was discriminated against on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Plaintiff's second count alleges his employers retaliated against him pursuant to § 704(a) of Title VII, 42 U.S.C. § 621, *et seq.*, alleging that because he acted as a witness in an unrelated discrimination case, the Air Force failed to consider him for a promotion, denied his request for relocation, reassigned him without reason, verbally abused and harassed him, threatened his continued employment, filed false charges against him, and interfered with his duties and obligations. In Count Three, Tucker claims he was subjected to a hostile work environment because he filed an EEO complaint and served as a witness in another employee's EEO case, his employer did not consider him for

promotion, denied his request for relocation, arbitrarily reassigned him, verbally abused and harassed him, threatened his continued employment, made false charges against him, and obstructed his attempts to complete his military duties and obligations.  As all three counts seek money damages, the Court will first examine them with regards to the *Feres* doctrine.  Plaintiff's fourth count, alleging a violation of USERRA, will be addressed thereafter.

### 1. The *Feres* Doctrine

Plaintiff advances three claims, age discrimination, retaliation, and hostile work environment, against the Defendant, all of which relate to his "hybrid" employment with the military.  The Supreme Court ruled in *Feres v. United States*, 340 U.S. 135, 146 (1950), that military personnel could not bring tort claims against the federal government for injuries incident to their military service.  In *Chapell v. Wallace*, 462 U.S. 926 (1983), the Court extended the *Feres* doctrine to bar a claim for money damages against military superiors by military personnel for constitutional violations.  *Chappell*, 462 U.S. at 305.  The Third Circuit in *Willis v. Roche*, 256 Fed. Appx. 534 (3d Cir. 2007), held that the applicability of the *Feres* doctrine to claims by "hybrid employees," including Title VII employment discrimination and ADEA age discrimination claims, depends on whether "their claims arise in whole or in part out of the military aspects of the claimant's job."  *Willis*, 256 Fed. Appx. at 537.  Therefore, exempted from the *Feres* bar are only those claims that "arise purely from the civilian aspects of his job."  *Id.*  One frequently-cited decision from a court in this district, and a case with facts strikingly similar to the case at bar, held that to be exempt from the *Feres* bar, a plaintiff must show that his challenge of his superior officer's conduct does not infringe upon the military rank relationship,

and therefore arises solely out of the civilian aspects of his position. *See Urie v. Roche*, 209 F. Supp. 2d 412, 417 (D.N.J. 2002).

     As discussed above, Tucker holds dual civilian and military positions within the Air National Guard and maintains that his claims against the Secretary of the Air Force arise solely from the civilian aspects of his hybrid status. However, the facts, as taken from Plaintiff's Complaint, demonstrate otherwise. First, Plaintiff's primary role as an Air Reserve Technician ("ART") involves military aircraft repair, which by plaintiff's own admission, is tied to the military chain of command (Compl. ¶¶ 4, 59.) Second, Plaintiff maintained active reserve status in order to retain his position as a dual status employee during the relevant time period. (Compl. ¶ 5); 10 U.S.C. § 10216. Third, Plaintiff alleges violations against several military superiors. (Compl. *passim*.) Fourth, Plaintiff performed his work as an ART at the McGuire Air Force Base. (Compl. ¶ 4.) Finally, Plaintiff's supervisors are the same individuals for both his civilian and military positions, a fact relied on in both *Willis* and *Urie*. (Compl. ¶ 6.)

     The *Willis* court concluded that an ART plaintiff's discrimination claim did not arise solely from the civilian aspects of his position, and thus was *Feres* barred, based in part on the fact that the ART plaintiff's supervisor was responsible for the plaintiff in both his civilian and military capacities. *Willis*, 256 Fed. Appx. at 537-38. Similarly, where the *Urie* plaintiff, a Guard technician, alleged racial and sexual harassment against her civilian supervisor who was also her military supervisor, the court held that the plaintiff's claims did not arise solely out of the civilian aspects of her position, in part because a challenge of a superior officer's conduct would infringe on the military rank relationship. *Urie*, 209 F. Supp. 2d at 417. In *Willis* and *Urie*, both courts found that the fact that the plaintiff's supervisor was responsible for both

civilian and military aspects of plaintiff's capacities to be a factor strongly militating towards a finding that the positions were not exclusively civilian-based.  Like the plaintiff in *Willis* and *Urie*, in the instant case, Plaintiff's various supervisors are responsible for reviewing both his civilian and military performance.  Further, Plaintiff's claims are primarily based on the personnel decisions (i.e. denying Tucker promotions, terminating his active duty status) and behavior of his superior officers.  As such, this Court finds that Plaintiff's discrimination claims do not arise solely from the civilian aspects of his position.

       It appears that Plaintiff's primary argument in opposition to the motion to dismiss is that, the *Feres* doctrine is inapplicable when a serviceman is not on active duty or subject to military discipline.  In support of his argument, Plaintiff relies on *United States v. Brown*, 348 U.S. 110 (1954), where the court held *Feres* did not bar a plaintiff's personal injury claim where the retired veteran-plaintiff had been honorably discharged seven years previously.  However, Plaintiff is currently an active serviceman of the military and was subject to the military chain of command at the time of the alleged adverse actions of his superiors, unlike the *Brown* plaintiff.  This Court finds that Plaintiff's reliance on *Brown* to draw the broad conclusion that because Tucker was not on active duty or subject to military discipline at the time of his alleged injuries is an oversimplification of the analysis developed by courts to determine whether or not an injury was attached to military service.  Contrary to Plaintiff's proposition that what may be incident to service is necessarily whether a plaintiff was on active duty, the requisite inquiry is whether a plaintiff's claims will allow the judiciary to become involved in military affairs at the expense of military discipline and chain of command.  See *U.S. v. Shearer*, 473 U.S. 52, 59 (1985).  The *Feres* doctrine can certainly bar a claim even though the serviceman was off duty or off base at

the time of the injury. *See id*. As an ART, Plaintiff maintained active membership in the reserve and was undoubtedly subject to the military chain of command while holding a dual military and civilian position. Therefore, a judicial decision with respect to his termination would undoubtedly have the potential to have an impact on his military discipline. As an ART, Plaintiff's military and civilian status are intertwined, and he is thus bared by *Feres* from bringing claims under Title VII or ADEA. As such, Plaintiff has failed to establish that this Court has subject matter jurisdiction over his claims under Rule 12(b)(1). As a result, this Court dismisses Counts One, Two, and Three of Plaintiff's Complaint.

        **2.**     **USERRA**

Plaintiff's Fourth Count alleges that the Defendant violated USERRA by "removing him from active duty and harassing and interfering with performance of his duties and obligations to the Air Force Reserve." (Compl., Count Four.) The Defendant has moved for dismissal under both 12(b)(1) and 12(b)(6). However, because the Court concludes that it lacks subject matter jurisdiction of the USERRA claim, the Court will not address Defendant's 12(b)(6) arguments.

USERRA was enacted to ensure that civilian employees are not adversely treated by employers, within the context of civilian employment, because of the employee's military status. USERRA's provisions are to prevent and/or compensate service members for employment discrimination based on military status. *See Gordon v. Wawa*, 388 F. 3d 78, 85 (3d Cir. 2004). The statute does not authorize a private USERRA action against the federal government, as an employer, in a federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB"). *See* 38 U.S.C. §§ 4322 and 4324(b); *see also Yates v. MSPB*, 145 F. 3d 1480, 1483 (Fed. Cir. 1998); *Dew v. U.S.*, 192 F.3d 366, (2d Cir. 1999). Decisions of the

MSPB are reviewed by the Federal Circuit on appeal. *See* 38 U.S.C. § 4324(d). The MSPB is authorized to determine whether a Federal executive agency has complied with USERRA, and to compel an agency to comply with the statute if a violation of the statute has been determined. *See* 38 U.S.C. § 4324(c)(2).

Since the MSPB has initial jurisdiction over claims under USERRA, the Court finds that Plaintiff's claim is not properly before this Court because Tucker has failed to exhaust his administrative remedies. As such, Plaintiff's allegations under USERRA fail for lack of subject matter jurisdiction under Rule 12(b)(1).

**IV.     Conclusion**

For the reasons set forth above, all counts of Plaintiff Robert Tucker's Complaint are hereby dismissed pursuant to Rule 12(b)(1). An appropriate Order accompanies this Opinion.


Dated:  August 10, 2009                                      /s/      Joel A. Pisano
                                                             United States District Judge